# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABEID ARMOUR and PATRICIA ARMOUR, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COUNTRY CLUB HILLS, COUNTRY CLUB HILLS OFFICERS JOHN SILAS (#857), GUIVEDA FRANCOIS (#108), BRIAN ZARNOWSKI (#819), JOSEPH WILLIAMS (#814), J. STRAYER (#866), DORLA THOMPSON (#860), DETECTIVE DEMPSEY, ASA SYLVIE MANASTER, UNKNOWN COUNTRY CLUB HILLS POLICE OFFICERS, and COOK COUNTY, )<br>)<br>Defendants. ) | Judge Joan B. Gottschall<br><br>Case No. 11 C 5029 |

## MEMORANDUM OPINION & ORDER

Plaintiffs Abeid and Patricia Armour brought a thirteen-count Amended Complaint against the City of Country Club Hills ("the City"), various City police officers, Assistant State's Attorney ("ASA") Sylvie Manaster, and Cook County, asserting claims pursuant to 42 U.S.C. § 1983 and Illinois state law. Plaintiffs' claims stem from an incident on July 24, 2010, during which Abeid Armour was shot by a police officer, then charged with attempted murder, of which he was eventually acquitted. Patricia Armour's vehicle, which Abeid Armour was driving at the time of the incident, was taken into custody and later destroyed. Now before the court are the motion of the City and City law enforcement officers John Silas, Guiveda Francois, Brian Zarnowksi,

Joseph Williams, J. Strayer, Dorla Thompson, Detective Dempsey, and unknown police officers (collectively, "the City Defendants") to dismiss Counts IV, V, X, and XI of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and ASA Manaster and Cook County's motion to dismiss Counts X, XI, and XIII against them pursuant to Rule 12(b)(6). For the reasons that follow, the motions are granted in part and denied in part. The court dismisses Count IV and X of the Amended Complaint without prejudice, and Counts V and XIII with prejudice.

## I. BACKGROUND

For purposes of the motions to dismiss, the court accepts the following facts alleged by Plaintiffs as true. According to the Amended Complaint, at about 1:30 a.m. on July 24, 2010, Officer Silas fired at least six bullets at Abeid Armour, two of which struck him in the side. Officer Francois was present at the shooting. To cover up the unjustified shooting, Officers Silas and Francois concocted false charges against Abeid Armour.

Acting as an investigator, ASA Manaster coerced false testimony from six eyewitnesses, all of whom were teenagers seized at the scene of the shooting and held at the City police station for sixteen hours before they were interviewed. ASA Manaster drafted written statements for three of the eyewitnesses to sign, which stated that Abeid Armour drove toward Silas and that Silas fired at the car while in fear for his life. The statements bolstered Officers Silas and Francois's version of the shooting.

The Cook County State's Attorney's office approved felony charges of attempted murder against Abeid Armour at approximately 11:30 p.m. on July 24, 2010. He was formally indicted by a grand jury on August 17, 2010, and spent fourteen months as a

pretrial detainee before being found not guilty of all charges in September 2011. Meanwhile, the car driven by Abeid Armour at the time of the shooting, which belonged to his mother Patricia Armour, was taken into custody and destroyed without her consent in September 2010.

Plaintiffs further allege that all of the individual Defendants entered into an agreement to charge and prosecute Abeid Armour for attempted first-degree murder, and that the individual Defendants failed to thoroughly investigate the shooting, made false statements in police reports, and destroyed or hid material and exculpatory evidence, including an investigative report prepared by the Illinois State Police Public Integrity Task Force.

Based on these alleged facts, Plaintiffs assert the following claims: (I) excessive force in violation of the Fourth and Fourteenth Amendments against Officer Silas; (II) unlawful seizure/false arrest in violation of the Fourth and Fourteenth Amendments against Officers Silas and Francois; (III) failure to intervene in violation of the Fourth and Fourteenth Amendments against Officer Francois; (IV) unreasonable seizure of property in violation of the Fourth and Fourteenth Amendments against unknown City police officers; (V) conversion in violation of Illinois law against the City; (VI) battery in violation of Illinois law against the City; (VII) assault in violation of Illinois law against Officer Silas and the City; (VIII) malicious prosecution in violation of Illinois law against the City Defendants; (IX) intentional infliction of emotional distress in violation of Illinois law against the individual City Defendants; (X) conspiracy to interfere with Abeid Armour's rights against all individual Defendants; (XI) conspiracy to deprive Abeid Armour of due process in violation of the Fourteenth Amendment against all

individual Defendants; (XII) *respondeat superior* liability for violations of Illinois law against the City; and (XIII) contribution for tort judgments against the City and Cook County, pursuant to 745 Ill. Comp. Stat. 10/9-102.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if Plaintiffs fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in Plaintiffs' complaint as true and draws all reasonable inferences from those facts in Plaintiffs' favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## III. ANALYSIS

### A. The City Defendants' Motion to Dismiss

The City Defendants move to dismiss Counts IV, V, X, and XI of the Amended Complaint. These Counts include claims brought by Patricia Armour related to the seizure and destruction of her vehicle, and two conspiracy counts brought by Abeid Armour against the individual City Defendants and ASA Manaster.

1. Patricia Armour's Claims

The City Defendants argue that Patricia Armour's claims for unreasonable seizure of property and conversion (Counts IV and V) must be dismissed in their entirety. First, they argue that the claim for unreasonable seizure of property in violation of the Fourth and Fourteenth Amendments (Count IV) fails because the vehicle driven by Abeid Armour at the time of the shooting was impounded for evidentiary purposes. As the Amended Complaint states, the vehicle contained bullet holes from the shooting. (*See* Am. Compl. ¶ 26, ECF No. 35.)

The court agrees that Patricia Armour has failed to state a constitutional claim in Count IV related to the seizure of her vehicle. The Amended Complaint does not allege that the vehicle's seizure was unreasonable or unauthorized or that law enforcement officers seized the vehicle without probable cause. Rather, it states in a conclusory fashion that the vehicle was taken "without consent, a warrant, or any lawful basis." The allegations in the Amended Complaint, however, clearly indicate that there was a lawful basis for the seizure of the vehicle: it contained evidence related to the charges approved against Abeid Armour on July 24, 2010. The City police officers did not need a warrant to take custody of the vehicle. The seizure was supported by probable cause, and—even if one believes Abeid Armour's account of the July 24, 2010, incident—the vehicle was evidence of a potential crime. *See United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996) ("An impoundment must be supported by probable cause."); *United States v. Cooper*, 949 F.2d 737, 747 (5th Cir. 1991) ("[T]he police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of crime.").

The subsequent destruction of the vehicle, moreover, cannot form the basis for a constitutional claim of unreasonable seizure. If a vehicle is properly seized as evidence, the government's continuing possession of the vehicle does not constitute a separate seizure for purposes of a Fourth Amendment claim. *Lee v. City of Chi.*, 330 F.3d 456, 466 (7th Cir. 2003) ("Once an individual has been meaningfully dispossessed, the seizure of the property is complete, and once justified by probable cause, that seizure is reasonable. The amendment cannot be invoked by the dispossessed owner to regain his property."). Patricia Armour alleges that she did not consent to the vehicle's destruction, but she does not allege that she attempted to claim the vehicle or was not given the opportunity to do so, in violation of her due process rights. The court therefore dismisses Count IV without prejudice. Patricia Armour may replead this count if she can assert a due process claim related to the destruction of her vehicle.

The City Defendants next argue that Patricia Armour's claim of conversion in violation of Illinois law (Count V) is barred by the statute of limitations. Plaintiffs offer no argument against the dismissal of Count V, and the court agrees that the claim must be dismissed as untimely. The claim accrued, at the very latest, in September 2010, when the vehicle was destroyed. Any claim for conversion under Illinois law must be filed within one year of the date the claim accrued, in accordance with Section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101. Although Abeid Armour originally filed a complaint on July 25, 2011, Patricia Armour added her conversion claim when the Amended Complaint was filed on January 23, 2012. That was more than one year from the date that the claim accrued. Count V is dismissed.

2. The Conspiracy Counts (Counts X and XI)

Abeid Armour has brought two counts of conspiracy against all of the individual Defendants. Count X is labeled "Conspiracy to Interfere with the Rights of Plaintiff," and Count XI is labeled a "§ 1983 Due Process (*Newsome*) Claim." Count X does not specify whether it is brought pursuant to § 1983 or Illinois law, but the court interprets it as a § 1983 claim, given Abeid Armour's references to a conspiracy to interfere with his constitutional rights to due process and to be free from unreasonable seizures. (*See* Pls.' Response to Mot. to Dismiss 6, ECF No. 55.)

A conspiracy is a "combination of two or more persons acting in concert to commit an unlawful act . . . the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir. 1981). Having reviewed both conspiracy counts in the Amended Complaint, the court finds them to be almost identical. In each count, the individual Defendants are alleged to have agreed "to deprive Plaintiff of his constitutionally protected rights to be free from unlawful seizures, to have a right to redress in the courts, to be free from false arrest and to have his due process rights as guaranteed by the United States Constitution." (Am. Compl. ¶¶ 78, 86.) The acts allegedly taken in furtherance of the conspiracy are also identical. (Am. Comp. ¶¶ 80, 87.) The court dismisses Count X without prejudice as redundant. *See* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading . . . any redundant . . . matter."). Abeid Armour may replead this count if he can show that his conspiracy allegations in Count X are not in fact duplicative of those in Count XI.

The City Defendants move to dismiss the conspiracy counts—which the court has now limited to Count XI—on two grounds. First, they argue that Abeid Armour has failed to plead the necessary element of an implied or express agreement among the individual Defendants. Second, they contend that the conspiracy counts are actually claims of false arrest and malicious prosecution that are barred by the availability of other remedies for those violations.

The court finds that, as to three of the individual Defendants, Abeid Armour has sufficiently pleaded the existence of a conspiracy to interfere with his constitutional rights. Although the court is "not bound to accept as true" an "assertion of a conspiracy [that] is an unsupported legal conclusion," *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011), a plaintiff need only allege "a plausible account of a conspiracy" to meet *Twombly*'s pleading standard, *Geinosky v. City of Chi.*, 675 F.3d 743, 749 (7th Cir. 2012) (citing 550 U.S. at 556). Abeid Armour has plausibly alleged that Officers Silas and Francois and ASA Manaster acted in concert to cover up Officer Silas's unjustified shooting of Abeid Armour, beginning after the shooting occurred on July 24, 2010, and continuing until Abeid Armour's September 2011 criminal trial. Specifically, he alleges that, following the shooting, Officers Silas and Francois concocted false charges against him, fabricated police reports, failed to investigate or disclose exculpatory evidence, and seized six teenage witnesses. The witnesses were coerced by ASA Manaster into giving statements bolstering Officers Silas and Francois's account of the shooting, which ASA Manaster drafted for them to sign. The individual Defendants then concealed their actions for fourteen months, during which time Abeid Armour was imprisoned awaiting trial. Viewing the allegations in a light most favorable to Abeid Armour, taking as true

all well-pleaded factual allegations, and making all reasonable inferences in Abeid Armour's favor, these allegations support an inference that Officers Silas and Francois and ASA Manaster acted in concert to violate his constitutional rights. *See Geinosky*, 675 F.3d at 749.

There are, however, no specific allegations in the Amended Complaint as to Officers Zarnowski, Williams, Strayer, and Thompson, Detective Dempsey, or the "unknown" police officers. Nothing in the complaint indicates when these officers allegedly agreed to participate in the conspiracy, or what their roles in the alleged cover-up of the unjustified shooting were. The court therefore dismisses Count XI against Zarnowski, Williams, Strayer, Thompson, Detective Dempsey and the unknown police officers without prejudice.

The City Defendants further argue that the court should dismiss the conspiracy counts because they merely repeat the same injuries alleged in Abeid Armour's excessive force, false arrest, and malicious prosecution claims. Furthermore, they argue, under *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), a plaintiff may not bring a federal claim of malicious prosecution pursuant to § 1983, because Illinois state law provides a remedy for that violation.

The City Defendants are correct that this circuit does not recognize malicious prosecution claims under the Fourth Amendment. *Id.* at 751-52. The Seventh Circuit has also stated that a plaintiff may not allege a Fourteenth Amendment violation "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim." *Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009). But an avenue still remains for

9

Abeid Armour's due process claim. *Newsome* explained that a plaintiff may bring a due process claim if he did not receive a fair trial because a prosecutor withheld exculpatory information. 256 F.3d at 752 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). In his response, Abeid Armour argues that his due process claim involves a *Brady* violation, because evidence not disclosed by the individual defendants was material to the decision to prosecute him.

Defendants argue that Abeid Armour cannot bring a *Brady* claim because he was acquitted. The Seventh Circuit has indicated that a plaintiff may have a "*Brady*-type due process claim" where favorable evidence is suppressed by the government, and "'there is a reasonable probability that prejudice ensued.'" *Parish v. City of Chi.*, 594 F.3d 551, 554 (7th Cir. 2009) (quoting *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008)). Although the Seventh Circuit has not squarely held as such, it has suggested that "prejudice" may include situations in which the government's decision to go to trial was altered by the suppression of the evidence. *Id.*; *see Alexander v. McKinney*, --- F.3d ----, 2012 WL 3194929, at *3 (7th Cir. Aug. 8, 2012) ("[W]e have entertained the possibility that prejudice could be established if an acquitted defendant showed that disclosure of the suppressed evidence would have altered the decision to go to trial."); *Mosley v. City of Chi.*, 614 F.3d 391, 397-98 (7th Cir. 2010) ("[W]e reserve the question of whether our circuit recognizes a claim for a *Brady* violation when the trial results in an acquittal for a later case."); *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 645 (7th Cir. 2008) (plaintiff "failed to allege a *Brady* due process claim because the undisclosed favorable evidence would not have resulted in earlier dismissal of the charges"). Thus, at present, our circuit's case law does not foreclose Abeid Armour from arguing that the proceedings in

his case were prolonged by the individual Defendants' actions, in violation of his due process rights. Although the court expresses no opinion on Abeid Armour's eventual ability to show that the prosecution would not have moved forward with the charges against him were it not for the individual Defendants' fabrication and withholding of evidence, he has sufficiently alleged that the individual Defendants' actions were material to the decision to prosecute him. Thus, the court denies the City Defendants' motion to dismiss Count XI of the Amended Complaint.

**B. ASA Manaster and Cook County's Motion to Dismiss**

ASA Manaster and Cook County move to dismiss all counts of Plaintiffs' Amended Complaint against them (Counts XI and XIII)[1] on three grounds. First, they claim that ASA Manaster is absolutely immune from suit based on her conduct in the initiation of the underlying criminal prosecution, as well as conduct relating to any alleged *Brady* violation and conspiracy claims. Second, they claim that ASA Manaster is entitled to qualified immunity for her alleged fabrication of witness statements and alleged failure to interview certain witnesses and to investigate potentially exculpatory evidence. Third, they claim that counts against Cook County must be dismissed because ASAs are state, not Cook County, officials.

1. Absolute Prosecutorial Immunity

As a prosecutor, ASA Manaster enjoys absolute immunity from civil liability arising from the performance of her prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Such functions include initiating criminal charges, conducting the prosecution, and presenting the state's case. *Id*. It is well settled that prosecutors are

---

[1] As discussed above, the court dismisses Count X against ASA Manaster as redundant.

entitled to absolute immunity for determining whether charges should be brought and initiating prosecution. *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012). This is so even if a prosecutor "initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Imbler*, 424 U.S. at 427-28. Once an arrest warrant is issued, a prosecutor acts as an advocate for the state and is immune from liability. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012).

ASA Manaster and Cook County argue that ASA Manaster was acting in her prosecutorial capacity when the alleged violations of Abeid Armour's rights occurred and that ASA Manaster's alleged use of perjured testimony and withholding of exculpatory evidence were inherently prosecutorial. They point to the Seventh Circuit's holding in *Fields*, 672 F.3d at 513-14, that a failure to turn over to the defendant potentially exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), is "inherently prosecutorial" in nature, meaning that the prosecutor cannot be sued in her individual capacity for the violation.

But a prosecutor does not enjoy absolute immunity until she has probable cause for the prosecution, meaning that she may be liable for actions taken during the investigative phase. *Whitlock v. Brueggemann*, 682 F.3d 567, 579 (7th Cir. 2012) ("The fact that [the prosecutor] eventually proceeded with this prosecution does not wipe away his involvement in the investigation at its earliest stages."). Whether immunity applies turns on the function that the prosecutor was performing at the time of the alleged wrongful conduct. *Id*. The Seventh Circuit explained in *Hill v. Coppleson*, 627 F.3d 601 (7th Cir. 2010), that whether a prosecutor "was acting in the role of an advocate or an investigator depend[ed] in part on whether probable cause for [the plaintiff's] arrest

existed." *Id.* at 605; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) ("A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested."). Thus, where a prosecutor's conduct is investigatory in nature, and before probable cause exists for an arrest, she is entitled only to qualified immunity. *Hunt v. Jaglowski*, 926 F.2d 689 (7th Cir. 1991).

Here, accepting Plaintiffs' allegations as true solely for purposes of the motion to dismiss, no probable cause for Abeid Armour's arrest existed before ASA Manaster coerced false testimony from eye witnesses, and the charges against Abeid Armour were approved based on these coerced statements. (*See* Compl. ¶¶ 13-17.) As no probable cause yet existed, ASA Manaster was not entitled to absolute immunity for conduct at this stage of the investigation. *See Whitlock*, 682 F.3d at 579 ("[W]e cannot resolve the absolute immunity question . . . without resolving the factual dispute over the moment when probable cause developed."); *Speagle v. Ferguson*, No. 10–2040, 2010 WL 3724784, at *5 (C.D. Ill. Aug. 20, 2010) (denying motion to dismiss based on absolute immunity because alleged conduct occurred during pre-indictment investigation).

2. Qualified Immunity for Investigative Acts

ASA Manaster argues, alternatively, that she is entitled to qualified immunity for Abeid Armour's claims. An official is entitled to qualified immunity for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Two questions are relevant in determining whether qualified immunity is available: whether the plaintiff has alleged a deprivation of a constitutional right, and whether the right was clearly established at the time and under the circumstances presented. *Pearson*

*v. Callahan*, 555 U.S. 223, 232 (2009). ASA Manaster argues that the alleged fabrication of witness testimony did not violate Abeid Armour's constitutional rights, because it could only constitute a constitutional wrong were it presented before a grand jury or at trial.

The court finds that Abeid Armour has sufficiently alleged a deprivation of his clearly established constitutional rights. He alleges that ASA Manaster conspired with the City police officers to fabricate material evidence, including police reports, to coerce witnesses to give statements favorable to the defendant officers, and to hide exculpatory evidence. The Seventh Circuit explained in *Whitlock* that the deliberate fabrication of evidence violates clearly established due-process rights. 682 F.3d at 585-86. It also stated that "[a] prosecutor who manufactures evidence when acting in an investigatory role can cause a due process violation just as easily as a police officer." *Id.* at 580.

Furthermore, Abeid Armour has alleged an injury to his liberty interests resulting from that due process violation. *See Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir. 1994) ("[T]here is no constitutional tort without injury."). He alleges that he was deprived of liberty for fourteen months as a result of the individual Defendants' actions. In *Whitlock*, the Seventh Circuit held that plaintiffs properly alleged harm to their liberty interests resulting from a prosecutor's fabrication of evidence when they claimed to have been deprived of liberty after a wrongful conviction. 682 F.3d at 582; *see also Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) (holding that plaintiff alleging that he was confined for eight months after his arrest as a result of prosecutor's manufacture of false evidence alleged the violation of a constitutional right). *Cf. Alexander*, 2012 WL 3194929, at *4 (calling *Whitlock* and *Zahrey* "inapposite" where plaintiff's claim was

actually a Fourth Amendment claim of false arrest that did not involve a liberty deprivation).

In summary, insofar as Abeid Armour alleges that Manaster conspired with the City police officers to manufacture false evidence and to conceal exculpatory evidence, which resulted in his prosecution and in the deprivation of his liberty for fourteen months, Manaster is not entitled to qualified immunity. *See Zahrey*, 221 F.3d at 349 (holding that defendant had "the right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity"). The court therefore denies Manaster and Cook County's motion to dismiss Count XI of the First Amended Complaint.

3. Claims against Cook County

Cook County moves to dismiss Count XIII, arguing that the county is not ASA Manaster's employer and that, accordingly, there is no basis to hold it substantively liable as a defendant under 745 Ill. Comp. Stat. 10/9-102, which requires public entities to pay tort judgments against their employees. The court agrees. ASA Manaster and other ASAs are "state, rather than county, officials." *Horstman v. Cnty. of DuPage*, 284 F. Supp. 2d 1125, 1130 (N.D. Ill. 2003) (citing *Ingemunson v. Hedges*, 549 N.E. 2d 1269, 1272 (Ill. 1990)). The court therefore dismisses Count XIII of the complaint insofar as it seeks to hold Cook County substantively liable for a judgment against ASA Manaster.

ASA Manaster and Cook County acknowledge, however, that Cook County may be a necessary party to the action under *Robinson v. Sappington*, which states that a county may be required to pay a judgment entered against an independently-elected officer who is paid by the county. 351 F.3d 317, 338-39 (7th Cir. 2003); *see also Carver*

*v. Sheriff of La Salle Cnty.*, 787 N.E.2d 127, 141 (Ill. 2003) ("Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity."). Following *Robinson* and *Carver*, Cook County may have a duty to indemnify ASA Manaster and shall remain in this action solely as a necessary party for as long as ASA Manaster remains a defendant.

### IV. CONCLUSION

For the reasons stated above, the court grants Defendants' motions to dismiss in part and denies them in part. The court dismisses Count V against the City with prejudice. The court also dismisses Count XIII against Cook County with prejudice. Count IV against the City Defendants and Count X against all individual Defendants are dismissed without prejudice. If Plaintiffs wish to amend their complaint, they must do so by October 25, 2012.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 27, 2012